IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:17-CT-3095-FL

| | |
|---|---|
| DAMEON BARNEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| BRICK TRIPP, RIC RAINES, | ) ORDER |
| PATRICK CARROLL, BAYNE | ) |
| MACHINE WORKS, GEO GROUP, | ) |
| INC., and BAKERS WASTE | ) |
| EQUIPMENT INC., | ) |
| | ) |
| Defendants. | ) |

This matter is before the court on defendants Tripp and Carroll's motions to dismiss (DE 21, 35), filed pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6). Plaintiff responded to defendant Tripp's motion, but did not respond to defendant Caroll's motion. In this posture, the issues raised are ripe for decision. For the reasons stated below, defendant Tripp's motion is granted in part and denied in part, and defendant Carroll's motion is granted.

**STATEMENT OF THE CASE**

On April 6, 2017, plaintiff, a federal inmate proceeding pro se, filed this action alleging claims for negligence and personal injury pursuant to 28 U.S.C. § 1332. On December 13, 2017, the court conducted a frivolity review of plaintiff's complaint and allowed the matter to proceed. On January 26, 2018, defendant Carroll filed the instant motion to dismiss, arguing the complaint failed to allege facts sufficient to establish personal jurisdiction, and in the alternative failed to state

a claim on which relief can be granted. In support of the motion, defendant Carroll filed a personal affidavit. The court issued Roseboro notice[1] to plaintiff on January 19, 2018, which specifically warned plaintiff the motion may be summarily granted if plaintiff failed to respond. The Roseboro notice further informed plaintiff that because defendant Carroll attached an affidavit to the motion, the court may construe the motion as a motion for summary judgment, in which case defendant could not rely solely on his pleadings to oppose the motion. Despite receiving the Roseboro notice, and an extension of time to respond, plaintiff failed to file a response to defendant Carroll's motion.

On February 16, 2018, defendant Tripp filed the instant motion to dismiss, arguing plaintiff's complaint fails to state a claim for negligence. The court also sent plaintiff a Roseboro notice as to defendant Tripp's motion. Plaintiff initially did not respond to the motion. In light of plaintiff's failure to respond to multiple dispositive motions, the court entered order to show cause why this case should not be dismissed for failure to prosecute. Plaintiff responded to the order on April 27, 2018, explaining that he was recently released from prison and that he had been trying to obtain counsel for this matter. Plaintiff requested an extension of time to respond to both of the instant motions, which the court subsequently granted.

On June 18, 2018, plaintiff responded to defendant Tripp's motion, but did not file response to defendant Carroll's motion.

## STATEMENT OF FACTS

Plaintiff makes the following allegations against defendants Tripp and Carroll. On May 24, 2009, plaintiff arrived Rivers Correctional Institute ("Rivers"), a private prison owned by defendant GEO Group, Inc., for service of a criminal sentence. (Compl. (DE 1) ¶ 12). On November 18, 2014,

---

[1]See Roseboro v. Garrison, 528 F. 2d 309 (4th Cir. 1975).

plaintiff was performing his routine work assignment in the Rivers waste disposal facility. (Id. ¶ 38). Plaintiff was operating the "lift arm" of a trash compactor to dispose of waste. (Id.) The lift arm malfunctioned, and a trash cart weighing over 100 pounds fell onto plaintiff's right shoulder. (Id.) Plaintiff alleges the lift arm did not have a safety mechanism to prevent such accidents, and had not been repaired or replaced since its purchase in 2001. (Id.) As a result, plaintiff allegedly sustained serious shoulder injuries, which required rotator cuff surgery. (Id. ¶¶ 44-49).

Plaintiff alleges defendant Tripp is the Rivers warden, and he is "charged with the custodial responsibility to provide a safe and secure work environment and medical care for plaintiff" and other inmates incarcerated at Rivers. (Id. ¶ 18). Defendant Tripp is also allegedly responsible for "overseeing the Rivers' administration and approving all Rivers' policies relating to a safe and secure working condition, and security of persons [incarcerated at Rivers]." (Id.) Plaintiff also alleges that

> although [defendant Tripp] knew that the Trash Compactor lift-arm was broken or defective, lacked safety mechanisms, and had not been maintained or serviced for a long period of time, had no safety lines or signs, and constituted a clear and present danger to the Plaintiff, . . . Defendant Tripp ordered the defective machinery or equipment to remain in service at Defendants' facilities.

(Id. ¶ 20).

Defendant Carroll is the "president" of Bayne Machine Works, Inc. ("Bayne").[2] (Id. ¶ 26). Plaintiff alleges defendant Carroll, as the chief executive officer of Bayne, "is charged with the responsibility to provide safe and secure hydraulic equipment to its [c]ustomer[s] . . . and to ensure that routine maintenance and repairs of damaged, defective, or unsafe components are replaced in a timely manner." (Id. ¶ 25). Plaintiff further alleges defendants Carroll and Bayne "failed to

---

[2]Plaintiff named Bayne Thin Line Company as defendant in this lawsuit, but defendant Carroll represents the entity's correct name is Bayne Machine Works.

3

[properly] install, repair, replace, sell, and maintain [the trash compactor's] hydraulic lift arm, or install safety mechanisms [on the trash compactor]." (Id. ¶ 26). As to personal jurisdiction, the complaint alleges "[t]his court has personal jurisdiction over each of the Defendants" but does not specifically allege defendant Carroll's personal contacts with North Carolina. (See Compl. (DE 1) ¶ 28).

## DISCUSSION

A.  Motion to Dismiss

    1.  Standard of Review

A motion to dismiss under Rule 12(b)(6) determines only whether a claim is stated; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). A claim is stated if the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted). In other words, this plausibility standard requires a plaintiff to articulate facts, that, when accepted as true, demonstrate that the plaintiff has stated a claim that makes it plausible he is entitled to relief. Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (quotations omitted).

4

Under Federal Rule of Civil Procedure 12(b)(2), a defendant may move to dismiss a complaint for lack of personal jurisdiction. Fed. R. Civ. P. 12(b)(2). "When a district court considers a question of personal jurisdiction based on the contents of a complaint and supporting affidavits, the plaintiff has the burden of making a prima facie showing in support of its assertion of jurisdiction." Universal Leather, LLC v. Koro AR, S.A., 773 F.3d 553, 558 (4th Cir. 2014). Where defendant disputes jurisdiction through affidavits or otherwise, plaintiff may not rest on mere conclusory allegations. See McLaughlin v. McPhail, 707 F.2d 800, 806 (4th Cir. 1983). Rather, plaintiff must come forward with affidavits or other evidence to counter defendants' arguments. See id. (affirming dismissal under Rule 12(b)(2) where, "[a]gainst the defendants' affidavits," a plaintiff "offered nothing beyond his bare allegations that the defendants had . . . significant contacts" with the forum state).

2. Defendant Tripp

Defendant Tripp argues plaintiff's allegations against him fail to state a claim for negligence. Because this is a diversity action, North Carolina law governs plaintiff's negligence claim. See Twin City Fire Ins. Co. v. Ben Arnold–Sunbelt Beverage Co., 433 F.3d 365, 369 (4th Cir. 2005). To state a claim for negligence, plaintiff must allege "the essential elements of negligence: duty, breach of duty, proximate cause, and damages." Camalier v. Jeffries, 340 N.C. 699, 706 (1995). A defendant has a duty "to exercise that degree of care which a reasonable and prudent person would exercise under similar conditions." Hart v. Ivey, 332 N.C. 299, 305 (1992). "[A] prison official is liable [for negligence] when he knows of, or in the exercise of reasonable care should anticipate, danger to the prisoner, and with such knowledge or anticipation fails to take the proper precautions to safeguard his prisoners." State ex. rel. Williams v. Adams, 288 N.C. 501, 504 (1975).

5

As noted, plaintiff alleges the following against defendant Tripp:

> although [defendant Tripp] knew that the Trash Compactor lift-arm was broken or defective, lacked safety mechanisms, and had not been maintained or serviced for a long period of time, had no safety lines or signs, and constituted a clear and present danger to the Plaintiff, . . . Defendant Tripp ordered the defective machinery or equipment to remain in service at Defendants' facilities.

(Compl. (DE 1) ¶ 20). These allegations are sufficient to state a claim for negligence. Plaintiff alleges defendant Tripp "knew of" the specific risk of harm – the defective lift arm on the trash compactor – and failed to take action to protect plaintiff from injury because he did not remove the trash compactor from service. (See id.); Williams, 288 N.C. at 504. Plaintiff also alleges that his injury was proximately caused by defendant Tripp's negligence. (Compl. (DE 1) ¶¶ 19-20).

Defendant Tripp argues these allegations are too conclusory to support a negligence claim. While it is true that plaintiff fails to provide factual details that would support his assertion that defendant Tripp had personal knowledge about the compactor defect (such as dates of inspection, or correspondence with other prison officials concerning the compactor), defendant Tripp cites no case law suggesting such detail is required to state a negligence claim. The cases defendant Tripp cites in support of his argument were resolved on summary judgment, and so are inapposite. See Phillip v. GEO Grp., Inc., No. 5:09-CT-3115-FL, 2012 WL 5392120, at *9 (E.D.N.C. Nov. 5, 2012); Claudio v. GEO Grp., Inc., No. 5:10-CT-3042-F, 2013 WL 3873205, at *7 (E.D.N.C. July 25, 2013). Construing plaintiff's pro se allegations liberally, and accepting his allegations as true, plaintiff has stated a negligence claim under North Carolina law. See Ashcroft, 556 U.S. at 678 (holding plaintiff need only provide sufficient factual allegations to allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged"); Williams, 288 N.C. at 504. Accordingly,

6

defendant Tripp's motion to dismiss is denied to the extent he seeks dismissal of the negligence claim.

Defendant Tripp also notes that plaintiff's allegations could be construed as raising a claim of medical malpractice, and requests dismissal of such claim. Plaintiff's complaint does not allege defendant Tripp was personally involved in the medical care he received after his injury, and thus the court grants defendant Tripp's motion to the extent it seeks dismissal of any medical malpractice claim asserted against defendant Tripp. See White v. White, 886 F.2d 721, 724 (4th Cir. 1989) (holding minimum level of factual support required to survive motion to dismiss).

3. Defendant Carroll

Defendant Carroll moves to dismiss plaintiff's claims based on failure to plead personal jurisdiction. The court may not assert personal jurisdiction over a non-resident defendant unless the exercise of personal jurisdiction is authorized by both North Carolina's long-arm statute and the Fourteenth Amendment's Due Process Clause. Christian Sci. Bd. of Directors of First Church of Christ, Scientist v. Nolan, 259 F.3d 209, 215 (4th Cir. 2001). However, because "North Carolina's long-arm statute is construed to extend jurisdiction over nonresident defendants to the full extent permitted by the Due Process Clause," the only question before the court is whether the "defendant has such 'minimal contacts' with the forum state that 'maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" Id. (quoting Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945)). The required minimum contacts are established if the defendant "purposefully avails [himself] of the privilege of conducting activities within the forum State . . . ." Hanson v. Denckla, 357 U.S. 235, 253 (1958). The "defendant's conduct and connection with the

forum State [must be] such that he should reasonably anticipate being haled into court there." World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980).

Plaintiff's complaint fails to specifically allege any contacts between defendant Carroll and North Carolina. Defendant Carroll has submitted a personal declaration establishing that he has no personal business dealings in North Carolina, does not own property in North Carolina, has never visited Rivers, and has never been personally involved in the sale of any Bayne products to Rivers. (Carroll Decl. (DE 21-1)). Thus, to establish person jurisdiction over defendant Carroll, plaintiff cannot rest on the conclusory assertions in his complaint, but must come forward with affidavits or other evidence contesting the Carroll affidavit. See McLaughlin, 707 F.2d at 806. As noted, plaintiff did not respond to the motion, and the complaint does not otherwise plead any specific or general contacts between defendant Carroll and North Carolina.[3] The court therefore finds that it lacks personal jurisdiction over defendant Carroll. Accordingly, defendant Carroll's motion to dismiss is granted.

## CONCLUSION

Based on the foregoing, defendant Tripp's motion to dismiss (DE 35) is GRANTED in part and DENIED in part. The motion is granted to the extent it seeks dismissal of any medical malpractice claims asserted against defendant Tripp, and any such claim is DISMISSED with prejudice. The motion is DENIED in all other respects. Defendant Carroll's motion to dismiss (DE

---

[3]The court notes that plaintiff cannot establish personal jurisdiction over a corporate officer by alleging contacts between the corporate entity and the forum State. See Calder v. Jones, 465 U.S. 783, 790 (1984) ("Petitioners are correct that their contacts with California are not to be judged according to their employer's activities there."). Nor does plaintiff's conclusory allegation that defendant Carroll was responsible for the safety of the trash compactor sold to Rivers suffice to establish personal jurisdiction. Plaintiff alleges Rivers obtained the trash compactor in 2001, and defendant Carroll's uncontradicted declaration establishes that he "was not the president of [Bayne] in 2001 and, in fact, was not serving in any capacity for [Bayne] at that time" and that he had no personal responsibility for the safety of the trash compactor after it was sold to Rivers. (Carroll Decl. (DE 21-1) ¶¶ 4-5).

21) is GRANTED, and plaintiff's claims against defendant Carroll are DISMISSED without prejudice.

SO ORDERED, this the 27th day of September, 2018.

LOUISE W. FLANAGAN
United States District Judge